IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARGARET ROBERTS**<br>Plaintiff,<br><br>v.<br><br>**MCCORMICK TAYLOR INC.**<br>Defendant. | **CIVIL ACTION**<br><br>NO. 23 -0503 |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                          July 3, 2023

Plaintiff Margaret Roberts brings a single claim against her former employer alleging interference and retaliation in violation of the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq. Am. Compl. (ECF 7) ¶ 23. Defendant McCormick Taylor Inc. has filed a Motion to Dismiss. Mot. to Dismiss (ECF 9) at 3.

### I.    SUMMARY OF ALLEGED FACTS

As alleged by Plaintiff, the events giving rise to this case are as follows. Plaintiff was employed by the Defendant for a period of nine months from July 8, 2019, to her termination date of April 6, 2020. Am. Compl. ¶ 10. During her tenure of employment with the Defendant, Plaintiff held the position of Administrative Assistant II and maintained a satisfactory job performance rating. Id. ¶ 11. Plaintiff suffers from Crohn's Disease. Id. ¶ 12. During her onboarding process in July 2019, Plaintiff disclosed her medical condition to Dawn Bruno ("Bruno"), Vice President; Tara Devin ("Devin"), Executive Assistant; and Laura Senske ("Senske"), Human Resources Manager. Id. ¶ 13. Plaintiff further disclosed that she was scheduled to commence a treatment regimen that would necessitate intermittent leave. Id. Bruno assured Plaintiff that Defendant would accommodate her treatment schedule. Id. In October 2019, Plaintiff requested intermittent

1

FMLA leave in connection with this treatment regimen. Id. ¶ 14. In response, Bruno assured Plaintiff that she was eligible for FMLA leave. Id. Plaintiff then applied for intermittent FMLA leave through her physician. Id. An unidentified employee of Defendant approved her application and Plaintiff undertook intermittent FMLA leave. Id.

Plaintiff alleges that Defendant interfered with her leave and retaliated against her for taking leave. Id. ¶ 15. Plaintiff alleges that, on one occasion, she experienced a flareup of her Crohn's disease and requested intermittent FMLA leave for the remainder of the workday. Id. ¶ 16. Devin approved her request. Id. However, Bruno allegedly intervened and forced Plaintiff to attend a meeting rather than allowing her to take leave. Id. In this meeting, Plaintiff contends Bruno chastised her for taking FMLA leave stating, "We didn't sign up for this." Id. Further, Plaintiff alleges that Bruno unduly micromanaged and unjustifiably criticized her performance in retaliation for taking FMLA leave. Id. ¶ 17. According to Plaintiff, her direct supervisor, Devin, had no issues with her performance. Id. Plaintiff also alleges that an unidentified employee of Defendant intentionally altered her FMLA records to "burn off" her remaining FMLA hours by making it appear that she utilized more leave time than she had used. Id. ¶ 18.

On April 6, 2020, Bruno terminated Plaintiff's employment citing "business hardship." Id. ¶ 19. Plaintiff Roberts was allegedly the only employee terminated because of this hardship. Id. Plaintiff alleges that immediately following her termination, Devin stated to Senske and Caitlin Crockett ("Crockett"), Recruiter, "I feel like we just did something illegal to [Plaintiff]." Id. ¶ 20. Plaintiff believes that no legitimate business reason existed for her termination and that Defendant terminated her to interfere with her ability to exercise her FMLA rights and/or in retaliation for exercising her rights under the FMLA. Id. ¶ 21.

II.     **SUMMARY OF BRIEFING**

       A.        **Defendant's Motion to Dismiss**

Defendant filed a Motion to Dismiss the Amended Complaint for Failure to State a Claim on April 13, 2023. Mot. to Dismiss (ECF 9) at 3. Defendant argues that Plaintiff's claim must fail because she was not an eligible employee under the FMLA. Mot. at 5.

       B.        **Plaintiff's Response**

Plaintiff's central response is that Defendant's defense of ineligibility is barred by the doctrine of equitable estoppel. Pl.'s Opp. Br. (ECF 10) at 4. She argues that because Defendant assured her at the time she was hired that she was eligible for FMLA, and approved her application for FMLA, that Defendant should be estopped from arguing that she was not eligible. Id. at 1.

       C.        **Defendant's Reply**

Defendant replies, arguing that the doctrine of equitable estoppel does not apply to FMLA interference claims, and that Plaintiff has not alleged detrimental reliance for her retaliation claim. Def.'s Reply (ECF 11) at 2.

       D.        **Plaintiff's SurReply**

Plaintiff responds that equitable estoppel is applicable to FMLA interference claims. Pl.'s SurReply (ECF 14) at 3. Further, Plaintiff asserts that she has established detrimental reliance but requests the opportunity to file a Second Amended Complaint if necessary to supply additional allegations supporting her claim of detrimental reliance. Id. at 2-3.

III.     **STANDARD OF REVIEW**

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff. Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020). To survive this motion, a plaintiff must include sufficient

facts in the complaint that, accepted as true, "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Twombly, 550 U.S. at 555). While a court must assume for purposes of a motion to dismiss that the plaintiff can prove the facts alleged in the complaint, "it is not . . . proper to assume that [she] can prove faces that [she] has not alleged[.]" Twombly, 550 U.S. at 563 n.8 (citing Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 526 (1983).

### IV.   ANALYSIS

The FMLA entitles eligible employees to twelve workweeks of leave during any twelve-month period for "a serious health condition that makes the employee unable to perform the functions of the position." 29 U.S.C. § 2612(a)(1)(D). Under the "interference provision," it is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise" an employee's rights under the FMLA. Id. § 2615(a)(1). Under the "retaliation provision," it is unlawful for an employer to "discharge or in any other manner discriminate against" an employee for invoking her FMLA rights. Id. § 2615(a)(2). Plaintiff's claim asserts violations of both the interference and retaliation provisions. Am. Compl. ¶ 23.

To qualify for FMLA protections, an employee must have been employed by the employer for at least 12 months, and must have worked at least 1,250 hours in a twelve-month period. 29 U.S.C. § 2611(2)(a). Plaintiff was not an eligible employee under the statute as she had only worked for Defendant for nine months at the time of her termination. Am. Compl. ¶ 10. However, Plaintiff contends that Defendant's defense of ineligibility is barred by the doctrine of equitable estoppel. Pl.'s Opp. Br. at 4.

4

A.      **Equitable Estoppel**

"The doctrine of equitable estoppel is used to prevent 'one party from taking unfair advantage of another when, through false language or conduct, the person to be estopped has induced another person to act in a certain way, with the result that the other person has been injured in some way.'" Wilson v. Rawle & Henderson LLP, 2011 WL 5237345, at *3 (E.D. Pa. Nov. 2, 2011) (Buckwalter, J.) (quoting Prigge v. Sears Holding Corp., 2010 WL 2731589, at *5 n. 9 (E.D. Pa. July 9, 2010) (Robreno, J.). The doctrine of equitable estoppel is available in the context of FMLA claims. See Leese v. Adelphoi Vill., Inc., 516 F.App'x 192, 193 (3d Cir. 2013). In this context, equitable estoppel may "provide a means of redress for employees who detrimentally rely on their employers' misrepresentations about FMLA eligibility." Wilson, 2011 WL 5237345, at *5.

To succeed on a claim of equitable estoppel, Plaintiff must prove all three of the following elements:

(1) a misrepresentation by another party
(2) which [s]he reasonably relied upon
(3) to [her] detriment.

Leese, 516 F. App'x at 194 (quoting United States v. Asmar, 827 F.2d 907, 912 (3d Cir. 1987)).

Plaintiff has adequately pleaded the first prong. Misrepresentation "requires a 'definite misrepresentation,' but need not entail the intent to deceive." Snider v. Wolfington Body Co., Inc., 2016 WL 6071359, at *8 (E.D. Pa. Oct. 17, 2016) (Pappert, J.) (quoting Palan v. Inovio Pharm., 2016 WL 3440448, at *3, n.8 (3d Cir. June 23, 2016). To establish misrepresentation, Plaintiff "must show that the defendant[] ha[s] engaged in *affirmative conduct* ...that was designed to mislead or was unmistakably likely to mislead [] plaintiff." Id. (emphasis original). Plaintiff satisfies this standard by alleging Defendant expressly invited Plaintiff to apply for FMLA, told her she was eligible for FMLA, and approved her application for FMLA. Am. Compl. ¶¶ 13-14.

Plaintiff's allegations constitute a definite misrepresentation and affirmative conduct that was unmistakably likely to mislead her.

Plaintiff contends that she has also adequately pleaded detrimental reliance to satisfy prongs two and three of equitable estoppel. Pl.'s SurReply at 2. In her SurReply, Plaintiff argues that although she had a planned course of treatment before Defendant misrepresented her FMLA eligibility, her treatment was not set for a specific date or time. Id. If Defendant had not mistakenly provided FMLA leave, Plaintiff contends that she could have altered the treatment plan to accommodate her work schedule.[1] Id. In Wilson, the court denied the defendant's motion to dismiss finding that the determination as to whether, had defendant not misinformed her of FMLA eligibility, plaintiff could have returned to work could not be resolved before the discovery process has commenced. Wilson, 2011 WL 5237345, at *6. Thus, based on the allegations present in the Amended Complaint and the arguments in her SurReply, Plaintiff has adequately pleaded the remaining two prongs of detrimental reliance.

**B.    Interference Claim**

To successfully assert an interference claim, the "employee only needs to show that [s]he was entitled to benefits under the FMLA and that [s]he was denied them." Sinacole v. iGate Cap., 287 F. App'x 993, 995 (3d Cir. 2008) (quoting Callison v. City of Philadelphia, 430 F.3d 117, 119 (3d Cir. 2005). Plaintiff adequately satisfies the second prong by alleging Defendant denied her attempts to take leave. On one such occasion, Defendant allegedly forced Plaintiff to attend a meeting instead of taking leave. Am. Compl. ¶ 16. Defendant argues that Plaintiff cannot satisfy

---

[1] Although the allegations supporting this argument in Plaintiff's SurReply are not present in the Amended Complaint, a Second Amended Complaint is not necessary. Based on the allegations and arguments in Plaintiff's submissions, the Court assumes Plaintiff will be able to establish facts sufficient to support her argument.

the first prong because she was not an eligible employee under the FMLA. Def.'s Reply at 5. Plaintiff replies that equitable estoppel bars this defense. Pl.'s SurReply at 3.

Defendant relies on language in Medley to argue that the doctrine of equitable estoppel does not apply to FMLA interference claims: "Plaintiff's interference claim fails for the simple reason that she had no FMLA benefits with which Defendant could interfere. The doctrine of equitable estoppel, while possibly precluding Defendant from arguing that Plaintiff was not FMLA eligible, does not retroactively endow Plaintiff with FMLA rights." Medley v. Cnty. of Montgomery, 2012 WL 2912307, at *4 (E.D. Pa. July 17, 2012) (Padova, J.) (granting defendant's motion to dismiss as to plaintiff's interference claim but not as to her retaliation claim). Defendant argues that this language renders the detrimental reliance prong of equitable estoppel an impossibility in the context of FMLA interference because an ineligible employee is left no worse off when the benefits they are not entitled to are interfered with. Def.'s Reply at 6. Plaintiff counters that in Medley, the plaintiff had not alleged facts that defendant interfered with any attempt to take leave. Pl.'s SurReply at 3, citing Medley, 2012 WL 2912307 at *4. The plaintiff in Medley only alleged that she was written up after taking leave. Medley, 2012 WL 2912307 at *1. Here, Plaintiff alleges that Defendant interfered with her leave by approving her FMLA application and then preventing her from taking leave and forcing her to attend a meeting. Am. Compl. ¶¶ 14, 16.

Further, Plaintiff adequately pleads an interference claim based on future eligible leave. Pl.'s SurReply at 3-4. Medley highlighted the implication put forth in Sinacole that "equitable estoppel could allow a non-FMLA eligible plaintiff to proceed with an interference claim if the misrepresentation led the plaintiff to take leave before she was actually FMLA eligible if the plaintiff could have delayed the leave until she was eligible." Medley, 2012 WL 2912307 at *4

(citing Sinacole, 287 F. App'x at 996). The motion to dismiss was granted in Medley because plaintiff had not alleged that defendant's misrepresentations interfered with any future FMLA leave. Medley, 2012 WL 2912307 at *4. Here, Plaintiff alleges in her SurReply that Defendant's misrepresentations interfered with leave she was entitled to on July 8, 2020, as she could have delayed or rearranged her treatment to accommodate her work schedule. Pl.'s SurReply at 3-4.

C. **Retaliation Claim**

A retaliation claim under the FMLA requires a Plaintiff show that:

(1) she invoked her right to FMLA-qualifying leave,
(2) she suffered an adverse employment decision, and
(3) the adverse action was causally related to her invocation of rights.

Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 302 (3d Cir. 2012). Plaintiff satisfies prongs two and three by alleging that she was fired because of her invocation of FMLA leave. Am. Compl. ¶ 21. She cites a statement of a fellow employee quoted as saying, "I feel like we just did something illegal to [Plaintiff]" immediately following Plaintiff's termination. Id. ¶ 20. Further, Plaintiff asserts that she was the only employee termination in connection with the "business hardship" cited by Defendant as the reason for her firing. Id. ¶ 19. Defendant argues that Plaintiff fails prong one as she had no right to FMLA-qualifying leave as a noneligible employee. Mot. to Dismiss at 5. Plaintiff counters with the doctrine of equitable estoppel. Pl.'s Opp. Br. at 4. As discussed above, Plaintiff adequately pleads equitable estoppel for her retaliation claim by alleging that she could have delayed or rearranged her treatment had Defendant not misrepresented her FMLA eligibility. Pl.'s SurReply at 2.

V. **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is denied. An appropriate Order follows.